20-2945-cv
Joseph James DeGraff v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             WILLIAM J. NARDINI,
                     *Circuit Judges*.
             LEWIS A. KAPLAN
                     *District Judge*.[1]

_____

JOSEPH JAMES DEGRAFF,

                    *Plaintiff-Appellant*,

             v.                                                      20-2945-cv

COMMISSIONER OF SOCIAL SECURITY,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Justin Mark Goldstein, Law Offices of Kenneth Hiller, PLLC, Amherst, N.Y.

Appearing for Appellee:      Vernon Norwood, Special Assistant U.S. Attorney (Ellen E. Sovern, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* James

---

[1] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

P. Kennedy, Jr., United States Attorney for the Western District of New York, New York, N.Y.

Appeal from the United States District Court for the Western District of New York (Foschio, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **REVERSED** and **REMANDED** to the District Court with direction to remand to the Commissioner of Social Security.

Joseph James DeGraff appeals from the June 29, 2020 final judgment of the United States District Court for the Western District of New York (Foschio, *M.J.*) affirming the Commissioner's denial of disabled child benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, and his application for supplemental insurance income ("SSI") under Title XVI of the Social Security Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In October 2015, DeGraff filed a claim for disabled child's insurance benefits and an application for SSI. DeGraff is diagnosed with generalized anxiety disorder, autism spectrum disorder, Asperger's Syndrome, attention deficit hyperactivity disorder, posttraumatic stress disorder, depressive disorder, and bipolar disorder. Dr. Jeffrey Vuillequez, a primary care doctor, treated DeGraff from 2012 through 2017. DeGraff also received services at the Hillside Crestwood Children's Center ("Hillside") from January 2014 through March 2018. Amy A. Loblaw, a mental health therapist at Hillside, and Stefanie Greisch, a licensed master social worker at Hillside, treated DeGraff. After a hearing in March 2018, the administrative law judge ("ALJ") denied insurance benefits and DeGraff's SSI application.

During the hearing, the ALJ acknowledged that the administrative record was missing treatment records from Greisch and Loblaw for 2016 through 2018. The ALJ stated that he would give DeGraff's representative until Friday to submit a late submission motion and obtain the documents. DeGraff submitted 132 pages of supplemental treatment notes from Greisch and Loblaw, along with a March 2018 letter from Greisch. He did not move for permission to make a late submission. The ALJ considered the March 2018 letter, but declined to consider the treatment notes because DeGraff failed to provide notice or establish due diligence to comply with a five-day rule.

The five-day rule requires that each party "make every effort to ensure that the administrative law judge receives all of the evidence and . . . inform [the ALJ] about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 404.935(a). The rule specifies that the ALJ "may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply." *Id.* Paragraph (b) in turn specifies that the ALJ:

> will accept the evidence if he or she has not yet issued a decision and [the claimant] did not inform [the ALJ] about or submit the evidence before the

deadline because (1) [agency] action misled [the claimant]; (2) [the claimant] had a physical, mental, educational, or linguistic limitation(s) that prevented [him] from informing [the ALJ] about or submitting the evidence earlier; or (3) [s]ome other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [the claimant] from informing [the agency] about or submitting the evidence earlier.

20 C.F.R. § 404.935(b). The rule lists situations where claimants "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing" as an example of the third exception. 20 C.F.R. § 404.935 (b)(3)(iv).

"Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits[.]" *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000). "It is the rule in our circuit that the ALJ, unlike a judge in a trial, must herself affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation marks omitted). The duty to affirmatively develop the record "arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination, and exists even when . . . the claimant is represented by counsel." *Id.* (citation omitted).

DeGraff argues that he complied with the five-day rule because the ALJ had notice of the treatment records from Hillside prior to five days before the hearing. He argues that the opinions of Loblaw and Greisch, along with a December 23, 2015 "Disability Report – Adult – Form SSA-3368" form, indicated that he received treatment at the center since 2014 and provided adequate notice. DeGraff also argues that even if he failed to comply with the five-day rule, he met an exception because his representative actively and diligently requested the treatment records in December 2017. DeGraff further argues that the ALJ failed to request or obtain the records prior to the hearing and thus failed to meet the obligation to affirmatively develop the record. *Id.*

We agree that the ALJ erred in refusing to consider the Hillside treatment records. The five-day rule does not require a claimant to obtain and submit all relevant records more than five days prior to a hearing; rather, it requires the claimant to "inform" the ALJ of the records' existence by that deadline. 20 C.F.R. § 404.935(a). DeGraff's submissions more than five days before his hearing adequately informed the ALJ of the extent of his treatment at Hillside and revealed a clear evidentiary gap. During the hearing, the ALJ acknowledged that the evidence did not include "running records" since March of 2016. A.R. at 174. Because the ALJ did not consider the records once DeGraff submitted them after the hearing, and did not explain why the records would not have changed his decision, the ALJ did not fulfill his duty. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (remanding to Commissioner in part because there were "clear gaps in the administrative record" and the ALJ "failed to seek potentially relevant information from a number of [non-treating physician] doctors and treatment facilities.")

An ALJ's erroneous refusal to consider evidence "ordinarily requires remand to the ALJ for consideration of the improperly excluded evidence, at least where the unconsidered evidence

3

is significantly more favorable to the claimant than the evidence considered." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010). We therefore remand to the district court with instructions to remand to the Commissioner of Social Security for consideration of the treatment records from Hillside.

We have considered the remainder of the Commissioner's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is REVERSED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4